1  Donald A. MacKay
   CA Bar No. 138540
2  don@damackay.com
   DONALD A. MACKAY - ATTORNEY AT LAW
3  1288 West Fernleaf Avenue
   Pomona, CA 91766-4308
4  Telephone (202) 642-4646
   Facsimile  (866) 833-5150
5
   John P. Fuller, Esq., *pro hac vice pending*
6  jpf@fullerfuller.com
   FULLER, FULLER & ASSOCIATES, P.A.
7  12000 Biscayne Blvd., Suite 502
   North Miami, FL 33181
8  Telephone (305) 891-5199
   Facsimile  (305) 893-9505
9
   Attorneys for Plaintiff
10
                   UNITED STATES DISTRICT COURT
11                 CENTRAL DISTRICT OF CALIFORNIA

12 JOHN MEGGS, Individually,                    )
                                                )
13            Plaintiff,                         )
                                                )
14    vs.                                        )   Case No.  5:18-cv-2246
                                                )
15 RYU REAL ESTATE HOLDINGS, LP, a             )
   California Limited Partnership, and RICH     )
16 PROPERTY, INC., a California Corporation,    )
                                                )
17            Defendants.                        )
   _____/

18
          **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
19            **AND RELATED STATE LAW CLAIMS**

20        Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility

21 impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the

22 Defendants, RYU REAL ESTATE HOLDINGS, LP, a California Limited Partnership, and RICH

23 PROPERTY, INC., a California Corporation, (sometimes referred to as "Defendants"), for

24 injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the

25 Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the related California

26 Statutes, and allege the following:

27 //

28 //

Page 1 of 12

# COUNT I

## VIOLATION OF TITLE III OF THE

### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.

1. Plaintiff, JOHN MEGGS, is an individual residing at 1615 W. 207th St., Torrance, CA 90501-1917, in the County of Los Angeles.

2. Defendants' property, Bear Valley Plaza, is located at 15208 Bear Valley Rd., Victorville, CA 92393, in the County of San Bernardino.

3. Venue is properly located in the Central District of California, as venue lies in the judicial district of the property situs. The Defendants' property is located in and Defendants do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff John Meggs is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs relies on a manual wheelchair for mobility.

6. John Meggs visited the subject property on May 15, 2018, and plans to return to the subject property to avail himself of the goods and services offered to the public at the property once the property is made accessible for his use. Plaintiff John Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7. Defendants own, lease, lease to (or operate) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Bear Valley Plaza, and is located at 15208 Bear Valley Rd., Victorville, CA 92393.

8.     John Meggs has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraphs 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

## FACTUAL ALLEGATIONS

9.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Bear Valley Plaza, has shown that violations exist. These violations were personally encountered or observed by Mr. Meggs, and which were confirmed by an ADA expert include, but are not limited to:

**Parking and Exterior Accessible Route**

A.     Accessible spaces lack proper identification signage which made it difficult for Mr. Meggs to identify disabled parking.

B.     Accessible parking spaces are not located on compliant accessible routes to enter the buildings, preventing Mr. Meggs's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards where the solution is readily achievable.

C.     Bear Valley Plaza has parking for over 500 cars without adequate compliant parking spaces designated as accessible. Spaces are improperly marked, lack clear level access aisles and have slopes with abrupt changes of level within the spaces, violating Sections 502, 502.3 and 502.4 of the 2010 ADA Standards. These conditions prevent the free and safe unloading from vehicles for Mr.

1    Meggs as a wheelchair user.

2    D.   Built-up curb ramps to access the stores are improperly designed with excessive

3         slopes and ramps obstructing access aisles preventing use by Mr. Meggs. Aisle

4         widths are inadequate for vans violating 2010 ADAS Sections 406 and 502.4.

5    E.   Bear Valley Plaza fails to provide a safe accessible route to the adjacent bus stop,

6         street or sidewalk impeding Mr. Meggs and violating Section 206.2.1 of the 2010

7         ADAS.

8    **Entrance Access and Path of Travel**

9    F.   Ramps and curb ramps leading to store areas from parking have excessive slopes

10        endangering Mr. Meggs violating 2010 ADAS Section 405, ADAAG Sections

11        4.7 and 4.8.

12   G.   Cross slopes, changes of level and improper walks impede Mr. Meggs's path of

13        travel to and through shopping areas and from streets, sidewalks and transit

14        violating ADAAG Section 4.3 and 2010 ADAS Sections 303, 304 and 403.

15   **Access to Goods and Services**

16   H.   The center fails to make reasonable accommodations in policies, practices and

17        procedures to provide full and equal enjoyment of disabled individuals and does

18        not maintain the elements required to be accessible and usable by persons with

19        disabilities violating Section 36.211 of the ADAAG and the 2010 ADA

20        Standards.

21   I.   Dining, check-out and work surface areas throughout Bear Valley Plaza are

22        inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS

23        requirements.

24   J.   Fitting rooms in Got T-Shirts are inaccessible to Mr. Meggs and violate ADAAG

25        Section 4.35 and 2010 ADAS Section 803.

26   K.   There is no 36" wide clear path of travel through Got T-Shirts and other tenants

27        at the center preventing Mr Meggs from accessing goods and services at the

28        facility.

**Access to Men's Restrooms at Bear Valley Plaza**

L.   Mr. Meggs could not use the Pho Kobe restroom as grab bars are improperly mounted. The grab bars have obstructions within 12" of the gripping surface and there is inadequate transfer space for Mr. Meggs. The side grab does not extend 54" from the rear wall and the water closet is improper violating ADAAG Section 4.16 and 2010 ADAS Section 604. Mr. Meggs could not use the mirror which is mounted beyond ADAS limits.

M.   Mr. Meggs could not use the Carnitas Uruapan restroom, the lavatory knee and toe space is obstructed violating ADAAG Sections 4.19 and 2010 ADAS Section 606. The side grab bar and door hardware are improper and the rear grab bar is obstructed preventing plaintiff's use and violating ADAAG and ADAS requirements.

N.   Plaintiff could not use coat hooks, soap, towel and seat cover dispensers mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308 in the restrooms. Toilet paper dispensers are improperly located in violation of ADAAG Section 4.16 and the 2010 ADAS in the restrooms.

O.   Plaintiff could not use mirrors mounted beyond limits in Section 4.19 of the ADAAG and ADAS Sections 603.3 and 606 in the restrooms throughout the center.

P.   Plaintiff could not use the stall and lavatory which are improper for wheelchair users violating ADAAG Sections 4.17 and 4.19 and 2010 ADAS Sections 604 and 606 in the Golden Gate Restaurant.

11.   Mr. Meggs frequently visits the Hesperia/Victorville area where his son and grandchildren live. He stays, shops, eats, and recreates in the area on an ongoing basis.

12.   In encountering and dealing with the lack of accessible facilities, the Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendants.

13.   Additionally, on information and belief, the Plaintiff alleges that the failure to remove

Page 5 of 12

the barrier was intentional because: (1) these particular barriers are intrusive and obvious; (2) the Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendants intended any other configuration, they had the means and ability to make the change.

14.   Given the obvious and blatant violations, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

15.   All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16.   The discriminatory violations described starting at paragraph 10 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine

1      all of the areas of non-compliance with the Americans with Disabilities Act.

2      17.    Defendants have discriminated against the individual Plaintiff by denying him access to
3             full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or
4             accommodations of its place of public accommodation or commercial facility in violation
5             of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants
6             continue to discriminate against the Plaintiff, and all those similarly situated by failing
7             to make reasonable modifications in policies, practices or procedures, when such
8             modifications are necessary to afford all offered goods, services, facilities, privileges,
9             advantages or accommodations to individuals with disabilities; and by failing to take
10            such efforts that may be necessary to ensure that no individual with a disability is
11            excluded, denied services, segregated or otherwise treated differently than other
12            individuals because of the absence of auxiliary aids and services.

13     18.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.
14            Considering the balance of hardships between the Plaintiff and Defendants, a remedy in
15            equity is warranted.  Furthermore, the public interest would not be disserved by a
16            permanent injunction.  Plaintiff has retained the undersigned counsel and are entitled to
17            recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42
18            U.S.C. § 12205 and 28 CFR 36.505.

19     19.    Defendants are required to remove the existing architectural barriers to the physically
20            disabled when such removal is readily achievable for its place of public accommodation
21            that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there
22            has been an alteration to Defendants' place of public accommodation since January 26,
23            1992, then the Defendants are required to ensure to the maximum extent feasible, that
24            the altered portions of the facility are readily accessible to and useable by individuals
25            with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally,
26            if the Defendants' facility is one which was designed and constructed for first occupancy
27            subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants'
28            facility must be readily accessible to and useable by individuals with disabilities as

1    defined by the ADA.

2    20.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

21.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Bear Valley Plaza, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

    A.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    B.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    D.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

1

2

## COUNT II
## DISABLED PERSONS ACT

3   22.   Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth

4         herein.

5   23.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the

6         same right as the general public to the full and free use of the streets, sidewalks,

7         walkways, public buildings and facilities, and other public places.

8   24.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall

9         be entitled to full and equal access to accommodations, facilities, telephone facilities,

10        places of public accommodation, and other places to which the general public is invited.

11  25.   Both sections specifically incorporate (by reference) an individual's rights under the

12        ADA.  See Civil Code § 54(c) and 54.1(a).

13  26.   Here, Defendants discriminated against the physically disabled public, including the

14        Plaintiff, by denying him full and equal access to the facility.  Defendants also violated

15        Mr. Meggs rights under the ADA, and therefore, infringed upon or violated (or both)

16        Plaintiff's rights under the Disabled Persons Act.

17  27.   For each offense of the Disabled Persons Act, Plaintiff seeks actual damages (both

18        general and specific damages), declaratory relief, and other remedies available under

19        California Civil Code § 54.3.

20  28.   Plaintiff Meggs also seeks to recover reasonable attorneys fees incurred under California

21        Civil Code § 54.3.

22

23

## COUNT III
## UNRUH CIVIL RIGHTS ACT

24  29.   Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth

25        herein.

26  30.   California Civil Code § 51 states, in part, that: All persons withing the jurisdiction of this

27        state are entitled to the full and equal accommodations, advantages, facilities, privileges,

28        or service in all business establishments of every kind whatsoever.

31.  California Civil Code § 51 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

32.  California Civil Code § 51 specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

33.  Defendants' aforementioned acts and omissions denied the physically disabled public – including the Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

34.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

35.  Plaintiff Meggs was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

36.  Plaintiff Meggs also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## COUNT V
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Meggs prays for judgment against the Defendants, jointly and severally for:

a.  Injunctive relief, or any other relief the Court deems proper.

b.  Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

c.  Statutory minimum damages under either § 52(a) or § 54.3(a) of the California Civil Code (but not both) according to proof.

d.  Attorneys' fees, litigation expenses, and cost of suit.

//

//

//

1    e.      Interest at the legal rate from the time of the filing of this action.

2                                         Respectfully Submitted,

3                                         Donald A. MacKay
                                          CA Bar No. 138540
4                                         don@damackay.com
                                          DONALD A. MACKAY - ATTORNEY AT LAW
5                                         1288 West Fernleaf Avenue
                                          Pomona, CA 91766-4308
6                                         Telephone (202) 642-4646
                                          Facsimile  (866) 833-5150
7
                                          John P. Fuller, Esquire, *pro hac vice pending*
8                                         jpf@fullerfuller.com
                                          FULLER, FULLER & ASSOCIATES, P.A.
9                                         12000 Biscayne Blvd., Suite 502
                                          North Miami, FL 33181
10                                        Telephone (305) 891-5199
                                          Facsimile  (305) 893-9505
11
                                          By:
12                                            Donald A. MacKay
                                              CA Bar No. 138540
13
                                          Attorneys for Plaintiff John Meggs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**VERIFICATION**

2           I am a party to this action, and I have read the foregoing complaint and know its contents.

3   The matters stated in the complaint are true based on my own knowledge, except to those matters

4   stated on information and belief, and to those matters I believe them to be true.

5           I declare under penalty and perjury under the laws of the state of California that the

6   foregoing is true and correct.

7           Executed on __3  Oct__, 2018, at Torrence, California.

8

9                         By: _____

                                 John Meggs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28